# UNITED STATES DISTRICT COURT

for the
District of South Dakota

| | |
|---|---|
| In the Matter of the Search of: | ) |
| The premises known as the offices of | ) |
| Google Inc., 1600 Amphitheatre | )   Case No.   5:20-mj-143 |
| Parkway, Mountain View, CA 94043 | ) |
| Accounts: Daxm200017@gmail.com; | ) |
| Jsy2013@gmail.com; troynunya@gmail.com; | |
| hammers2269@gmail.com; and | |
| lettschase@gmail.com | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

located in the District of ____ South Dakota ____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252 and 2252A | Receipt and Possession of Child Pornography |

The application is based on these facts:
- ☒ Continued on the attached affidavit, which is incorporated by reference.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.
- ☐ Your applicant requests that no notice be given prior to the execution of the search warrant, i.e., "no knock", the basis of which is set forth in the attached affidavit.
- ☐ Your applicant requests authorization to serve the search warrant any time day or night pursuant to Fed. R. Crim. P. 41(e)(2)(A)(ii), the basis of which is set forth in the attached affidavit.

_____
*Applicant's signature*

Special Agent Stephen Berry, FBI
*Printed name and title*

Sworn to before me and: ☐ signed in my presence.
☒ submitted, attested to, and acknowledged by reliable electronic means.

Date:   7/23/20

_____
*Judge's signature*

City and state:   Rapid City, SD

Daneta Wollmann, U.S. Magistrate
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of South Dakota

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| The premises known as the offices of Google Inc., 1600 Amphitheatre Parkway, Mountain View, CA 94043 Accounts: Daxm200017@gmail.com; Jsy2013@gmail.com; troynunya@gmail.com; hammers2269@gmail.com; and lettschase@gmail.com | ) ) ) ) ) ) ) | Case No.   5:20-mj-143 |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of   South Dakota   *(identify the person or describe the property to be searched and give its location)*:

See **ATTACHMENT A**, attached hereto and incorporated by reference

I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Evidence of a crime in violation of 18 U.S.C. §§ 2252 and 2252A, as described in **ATTACHMENT B**, attached hereto and incorporated by reference.

I find that the affidavit, or any recorded testimony, establishes probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before __August 7, 2020__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10 p.m. ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Daneta Wollmann   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*. ☐ until, the facts justifying, the later specific date of _____.

☐ I find that good cause has been established to authorize the officer executing this warrant to not provide notice prior to the execution of the search warrant, i.e., "no knock".

Date and time issued:   7/23/20 at 11:30am   _____
*Judge's signature*

City and state:   Rapid City, SD   _____   Daneta Wollmann, U.S. Magistrate
*Printed name and title*

CC: AUSA, Sazama and Agent

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>5:20-mj-143 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DISTRICT

IN THE MATTER OF THE SEARCH OF:
The premises known as the offices of
Google Inc., 1600 Amphitheatre
Parkway, Mountain View, CA 94043

Accounts: Daxm200017@gmail.com;
Jsy2013@gmail.com;
troynunya@gmail.com;
hammers2269@gmail.com; and
lettschase@gmail.com

CR  5:20-mj-143

**AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT
APPLICATION**

**REDACTED**

State of South Dakota    )
                         ) ss
County of Pennington     )

I, Stephen Beery, being duly sworn, states as follows:

1.         I am a Special Agent with the Federal Bureau of Investigation
(FBI), assigned to the Rapid City, South Dakota office.  I have been employed as
a Special Agent for the FBI since May 2016.  As part of my duties, I investigate
violations of federal law, including the online exploitation of children and the
illegal possession, receipt, transmission, and production of material depicting
the sexual exploitation of minors.  I have gained expertise in conducting
investigations involving the sexual exploitation of minors and the production and
sharing of material depicting their exploitation through training programs,
classwork, and investigative work related to conducting these types of
investigations, and I have observed and reviewed numerous examples of child
pornography in a variety of media.  I have furthermore participated in the

execution of numerous federal and state search warrants, which involved the sexual exploitation of children and/or child pornography offenses.

2.     I am aware that 18 U.S.C. §§ 2251, 2252, and 2252A prohibit the production, distribution, receipt, and possession of visual depictions of a minor engaging in sexually explicit conduct, using any means or facility of interstate or foreign commerce, including by computer or utilizing the internet.

3.     I have investigated and assisted in the investigation of cases involving the possession, receipt, and distribution of child pornography in violation of federal law to include United States Statues 18 U.S.C. §§ 2251, 2252 and 2252A, involving violations of law involving child pornography.  During my law enforcement-career, I have become familiar with the *modus operandi* of persons involved in the illegal production, distribution and possession of child pornography.  Based on my experience and training, I am knowledgeable of the various means utilized by individuals who illegally produce, distribute, receive and possess child pornography.

4.     The facts set forth in this affidavit are based on my personal knowledge, knowledge obtained from other individuals, including other law enforcement officers, interviews of persons with knowledge, my review of documents, interview reports and computer records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.  This affidavit contains information necessary to support

2

probable cause for this application and does not contain every material fact that I have learned during the course of this investigation; however, I have not withheld information known to me that would tend to negate probable cause has been withheld from this affidavit.

## ITEMS TO BE SEARCHED FOR AND SEIZED:

5.      This affidavit is submitted in support of an application for a search warrant for the contents of and information pertaining to five Google, Inc. accounts discovered during the search of a black Samsung Galaxy S7 Edge cellular phone ("subject device"), seized during the execution of a federal search warrant upon Jebadiah Swenson's residence, at ████████████████████, in Rapid City, South Dakota.  Each of the five Target Accounts were logged into, or had previously been logged into, the subject device when it was searched by law enforcement agents.  Your affiant seeks to search the five Target Accounts, which are more specifically described in Attachment A, for contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2251, 2252, and 2252A (production, receipt and possession of child pornography), and which items are more specifically described in Attachment B.  The Gmail accounts, also referred to in this affidavit as "Target Accounts," are: Daxm200017@gmail.com; Jsy2013@gmail.com; troynunya@gmail.com; hammers2269@gmail.com; and lettschase@gmail.com.

## DEFINITIONS

6.     The following definitions apply to this Affidavit and Attachments A and B:

a.     "Chat," as used herein, refers to any kind of text communication transmitted over the Internet in real-time from sender to receiver.   Chat messages are generally short in order to enable other participants to respond quickly and in a format, that resembles an oral conversation.   This feature distinguishes chatting from other text-based online communications such as Internet forums and email.

b.     "Child Erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

c.     "Child pornography," as defined in 18 U.S.C. § 2256(8), is any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct.

4

d.     "Cloud-based storage service," as used herein, refers to a publically accessible, online storage provider that collectors of child pornography can use to store and trade child pornography in larger volumes.  Users of such a service can share links and associated passwords to their stored files with other traders of child pornography in order to grant access to their collections.  Such services allow individuals to access these files easily through a wide variety of electronic devices such as desktop and laptop computers, mobile phones, and tablets, anywhere and at any time.  An individual with the password to file stored on a cloud-based service does not need to be a user of the service to access the file. Access is free and readily available to anyone who has an internet connection.

e.     "Computer," as used herein, refers to "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device" and includes smartphones, and mobile phones and devices.  See 18 U.S.C. § 1030(e)(1).

f.     "Computer hardware," as used herein, consists of all equipment, which can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other

5

memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks).

g.      "Computer software," as used herein, is digital information, which a computer can interpret and any of its related components to direct the way they work.  Computer software is stored in electronic, magnetic, or other digital form. It commonly includes programs to run operating systems, applications, and utilities.

h.      "Computer-related documentation," as used herein, consists of written, recorded, printed, or electronically stored material, which explains or illustrates how to configure or use computer hardware, computer software, or other related items.

i.      "Computer passwords, pass-phrases and data security devices," as used herein, consist of information or items designed to restrict access to or hide computer software, documentation, or data.  Data security devices may consist of hardware, software, or other programming code.  A password or pass-phrase (a string of alphanumeric characters) usually operates as a sort of digital key to "unlock" particular data security devices.  Data security hardware may include encryption devices, chips, and circuit boards.  Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which

perform certain pre-set security functions when touched.  Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

j.      A provider of "Electronic Communication Service" ("ESP"), as defined in 18 U.S.C. § 2510(15), is any service that provides to users thereof the ability to send or receive wire or electronic communications.  For example, "telephone companies and electronic mail companies" generally act as providers of electronic communication services.  *See* S. Rep. No. 99-541 (1986), reprinted in 1986 U.S.C.C.A.N. 3555, 3568.

k.      "Electronic Storage Device" includes but is not limited to external and internal hard drives, thumb drives, flash drives, SD cards, gaming devices with storage capability, storage discs (CDs and DVDs), cameras, cellular phones, smart phones and phones with photo-taking and/or internet access capabilities, and any "cloud" storage by any provider.

l.      "File Transfer Protocol" ("FTP"), as used herein, is a standard network protocol used to transfer computer files from one host to another over a computer network, such as the Internet.   FTP is built on client-server architecture and uses separate control and data connections between the client and the server.

m.      "Internet Protocol address" or "IP address," as used herein, refers to a unique number used by a computer to access the Internet.  IP addresses can be "dynamic," meaning that the ISP assigns a different unique number to a

computer every time it accesses the Internet.  IP addresses might also be "static,"

if an ISP assigns a user's computer a particular IP address that is used each time

the computer accesses the Internet.

n.      "Internet Service Providers" ("ISPs"), as used herein, are commercial

organizations that are in business to provide individuals and businesses access

to the Internet.  ISPs provide a range of functions for their customers including

access to the Internet, web hosting, e-mail, remote storage, and co-location of

computers and other communications equipment.

o.      "Network Address Translation" or "Nat" or "Natting" as used herein

is a method of remapping one IP address space into another by modifying

network address information while then are in transit across a traffic routing

device.  It became popular when the need to preserve global address space arose.

One internet-routable IP address of a NAT gateway can be used for an entire

private network.

p.      "Records," "documents," and "materials," as used herein, include all

information recorded in any form, visual or aural, and by any means, whether

in handmade, photographic, mechanical, electrical, electronic, or magnetic form.

q.      "Remote Computing Service" ("RCS"), as defined in 18 U.S.C. §

2711(2), is the provision to the public of computer storage or processing services

by means of an electronic communications system.

r.      "Short Message Service" ("SMS"), as used herein, is a service used

to send text messages to mobile phones.  SMS is also often referred to as texting,

8

sending text messages or text messaging.  The service allows the user to send short text messages from one cell phone to another cell phone or from the Web to another cell phone.  The term "computer," as defined in 18 U.S.C. § 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

s.      "Sexually explicit conduct," as defined in 18 U.S.C. § 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

t.      "Visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

## BACKGROUND ON CHILD EXPLOITATION AND CHILD PORNOGRAPHY, COMPUTERS, THE INTERNET, AND EMAIL

7.      I have had both training and experience in the investigation of computer-related crimes.  Based on my training, experience, and knowledge, I know the following:

a.     Computers and digital technology have dramatically changed the way in which individuals interested in child pornography interact with each other.   Computers serve many functions for persons who exploit children online; they serve as a mechanism for meeting child-victims and communicate with them; they serve as a mechanism to get images of the children and send images of themselves; computers serve as the manner in which persons who exploit children online can meet one another and compare notes.

b.     Persons, who exploit children online, can now transfer printed photographs into a computer-readable format with a device known as a scanner and then distribute the images using email, like Gmail and Yahoo! Inc.   Furthermore, with the advent of digital cameras and smartphones with cameras, when the photograph is taken it is saved as a digital file that can be directly transferred to a computer by simply connecting the camera or smartphone to the computer.   In the last ten years, the resolution of pictures taken by digital cameras and smartphones has increased dramatically, meaning that such pictures have become sharper and crisper.   Photos taken on a digital camera or smartphone may be stored on a removable memory card in the camera or smartphone. These memory cards often store up to 32 gigabytes of data, which provides enough space to store thousands of high-resolution photographs.   Video camcorders, which once recorded video onto tapes or mini-CDs, now can

save video footage in a digital format directly to a hard drive in the camera. The user can easily transfer video files from the camcorder to a computer.

c.     A device known as a modem allows any computer to connect to another computer with telephone, cable, or wireless connection.  People can make electronic contact to literally millions of computers around the world.  The ability to produce child pornography easily, reproduce it inexpensively, and market it anonymously (through electronic communications) has drastically changed the method of distribution and receipt of child pornography.  Persons can transfer child pornography via electronic mail or through file transfer protocols (FTPs) to anyone with access to a computer and modem.  Because of the proliferation of commercial services that provide electronic mail service, chat services (i.e., "instant messaging"), and easy access to the Internet, the computer is a preferred method of distribution and receipt of child pornographic materials.

d.     The Internet affords individuals several different venues for meeting and exploiting children in a relatively secure and anonymous fashion.

e.     Individuals also use online resources to exploit children, including services offered by Internet Portals such as Gmail and Hotmail, among others.  The online services allow a user to set up an account with a remote computing service that provides e-mail services as well as

11

electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer with access to the Internet. Even in cases where a user utilizes online storage is, evidence of child pornography can be found on the user's computer or external media in most cases.

8.     Based on my training and experience and investigation in this case, I have learned the following about Google:

a.     Google offers an e-mail service that is available free to Internet users called "Gmail." Stored electronic communications, including opened and unopened e-mail for Gmail subscribers may be located on Google's computers.

b.     Google maintains electronic records pertaining to the individuals and companies for which they maintain subscriber accounts. These records include account access information, e-mail transaction information, and account application information.

c.     Subscribers can access their Gmail e-mail accounts by activating software on a device or computer, login in using unique usernames and    passwords, and connecting to high-speed Internet computers called "servers" maintained and/or owned by Google. Subscribers also may be able to access their accounts from any other computer in the world through Google's web site on the Internet.

d.    When a user sends any e-mail to a Gmail e-mail subscriber the email is stored in the subscriber's "mail box" on Google's servers until the subscriber deletes it or until the stored e-mail exceeds the storage limit allowed by Google.

e.    When the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the Internet to Google's servers, and then transmitted to its end destination, usually through another subscriber's e-mail provider. Copies of sent e-mail are stored on Google's servers in the same manner as received e-mail, Google retains the email until the user deletes it or exceeds the storage limit.

f.    Even if the contents of the message no longer exist on the company's servers, Google may have records of when a subscriber logged into his or her account, when a message was   sent or received, as well as technical routing information that law enforcement could use to determine who sent or received an e- mail.

9.    From my training and experience, I am aware that Google's computers contain information and other stored electronic communications belonging to unrelated third parties.  Accordingly, this affidavit and application for search warrant seeks authorization solely to search the computer accounts and/or files for information and the content of communications pertaining to the Target Accounts specified herein and in Attachment A, following the procedures described herein.

13

## PROBABLE CAUSE

10.     On February 20, 2020, I received information from the FBI Violent Crimes Against Children squad in Salt Lake City, Utah, that during an undercover operation, agents observed a LiveMe user posting links to child pornography.  LiveMe is a social media application which operates solely on the internet.  Preliminary investigation to attempt to identify the LiveMe user revealed the user had an address in Rapid City, South Dakota.  The user, later identified as 38-year-old Jebadiah Stephen Swenson, utilized LiveMe user number LM-259612291.

11.     Agents served a subpoena on Live.me for account information associated with user number LM-259612291 and email swensonjeb04@gmail.com.  Live.me returned information associating that account with several IP addresses and with the email address swensonjeb04@gmail.com.

12.     Agents served a subpoena on Verizon Wireless for information regarding several "natting" IP addresses linked to the images of child pornography observed during the undercover activity referenced in paragraph 10.  Unlike IP addresses assigned to a specific location, "natting" IP addresses are for mobile users and allows multiple users to utilize the same IP address at the same time.  The subpoena sought information for phone number (605) 389-6667, a phone number that had been using several of the natting IP addresses.

14

13.    Agents issued a subpoena to Google for username swensonjeb04. Google responded that the user was "Jeb Swenson," with account recovery phone number (605) 389-6667, the same phone number associated with the natting Verizon IP addresses.   The return also revealed the user had Google ID 721317720333 and recovery email address swensjeb04@gmail.com.

14.    Agents issued two separate search warrants to Google for the contents of and information associated with the accounts swensonjeb04@gmail.com and swensjeb04@gmail.com, respectively.

15.    Agents issued a search warrant to LiveMe for the contents of and information associated with LiveMe account LM-259612291, associated with the email address swensonjeb04@gmail.com.

16.    Agents issued a subpoena to Clarity Telecom/Vast Broadband for another IP address associated with the images of child pornography observed during the undercover activity referenced in paragraph 10.   Vast Broadband identified the user of the IP address as Autumn Swenson, ████████████ ██, Rapid City, South Dakota 57701.   I identified Autumn Swenson as Jebadiah Swenson's wife.

17.    I surveilled the residence at ████████████████, Rapid City, South Dakota 57701, and determined it appears Jebadiah Swenson resides at that location.

15

18.     On April 13, 2020, I received from Google a collection of four zip files containing user content, pursuant to the search warrant served on Google, Inc. for content associated with user swensonjeb04.

19.     One of the zip files I received from Google contained several photo files and folders.  In a folder in the photo zip file entitled "2019-06-27," I observed images matching the LiveMe user profile picture observed during the undercover activity referenced in paragraph 10.

20.     In a folder entitled "2019-12-18", I observed an image entitled "Screenshot_20191218-185850_TamTam.jpg."  This image is an image of child pornography.  The image depicts a nude adult female on her back with legs open. A nude minor female, approximately 7 years of age, is kneeling in front and inserting her entire hand into the adult female's vagina.

21.     In a folder entitled "2020-01-22," I observed images of the phone owner's face and body.  This person appears to be Jebadiah Swenson.

22.     In a folder entitled "2020-01-24," I observed two images of child pornography.  The files appear to be screenshots taken from the UNICO LIVE app, a video streaming application.  The images contain a minor female touching and exposing her vagina to the camera in a sexual pose.

23.     One of the zip files contained email content.  In the "email" file, I observed an email sent on September 25, 2019, from swensonjeb04@gmail.com to the LiveMe application, asking the LiveMe application to reinstate his user account, "lovethemhotones20," which had been banned.

24.     Several usernames for various platforms were identified in the Google "email" file: Facebook username "swensonjeb04@gmail.com"; Snapchat username "jebswenson19"; and eBay username "jeswenso2."

25.     I received and reviewed the search warrant return from LiveMe.  The user LM-259612291 engaged in multiple chats using the LiveMe application between the dates October 1, 2019, and March 7, 2020.  Several of the messages expressed interest in receiving links from other users and referenced "11-16?" which appears in the context of the messages to be seeking links for images or files of children aged 11 to 16.  The messages also contained conversations about trading links or files.

26.     On June 2, 2020, agents executed a search warrant on the property located at ▮▮▮▮▮▮▮, Rapid City, South Dakota 57701, and to search any curtilage, storage units, persons and vehicles on the premises and associated with the property, as well as the content of any computer and electronic storage devices located on the property or on the person of Jebadiah Swenson.

27.     Seized pursuant to the execution of the aforementioned search warrant on the property located at 124 E. St. Patrick St. was, among other devices, a black Samsung Galaxy S7 Edge cellular phone.

28.     During the search of the black Samsung Galaxy S7 Edge cellular phone, your affiant observed several hundred images on the cellular phone depicting child sexual abuse.  Your affiant also observed several Google accounts

17

that were then logged into or had previously been logged into on the cellular phone, including Daxm200017@gmail.com; Jsy2013@gmail.com; troynunya@gmail.com; hammers2269@gmail.com; and lettschase@gmail.com. In your affiant's experience, the content on a device may automatically sync with the Google account(s) logged into the device, either with or without the user's knowledge, resulting in storage of data on the Google account(s).

## CHARACTERISTICS COMMON TO INDIVIDUALS WHO HAVE A SEXUAL INTEREST IN CHILDREN AND/OR WHO RECEIVE AND/OR POSSESS CHILD PORNOGRAPHY

29.    Based on my previous investigative experience related to child exploitation investigations, and the training and experience of other law enforcement officers with whom I have had discussions, I know there are certain characteristics common to individuals who have a sexual interest in children and/or receive, or possess images of child pornography:

a.    Individuals who have a sexual interest in children and/or receive, or possess images of child pornography may receive sexual gratification, stimulation, and satisfaction from contact with children, or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media, or from literature describing such activity.

b.    Individuals who have a sexual interest in children and/or receive, or possess images of child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs,

18

magazines, motion pictures, videotapes, books, slides and/or drawings or other visual media. Individuals who have a sexual interest in children or images of children oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c.      Individuals who have a sexual interest in children and/or receive, or possess images of child pornography almost always possess and maintain their hard copies of child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Individuals who have a sexual interest in children or images of children often retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d.      Likewise, individuals who have a sexual interest in children and/or receive, or possess images of child pornography often maintain their child pornography images in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. The user often maintains these child pornography images for several years and are kept close by, usually at the possessor's residence, inside the possessor's

vehicle, or, at times, on their person, to enable the individual to view the child pornography images, which are valued highly.

e.      Individuals who have a sexual interest in children and/or receive, or possess images of child pornography also may correspond with and/or meet others to share information and materials, rarely destroy correspondence from other child pornography distributors/possessors, conceal such correspondence as they do their sexually explicit material, and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

f.      Individuals who have a sexual interest in children and/or receive, or possess images of child pornography prefer not to be without their child pornography for any prolonged time-period.  Law enforcement officers involved in the investigation of child pornography throughout the world have documented this behavior.  Thus, even if the unknown user uses a portable device (such as a mobile cell phone) to access the internet and child pornography, it is more likely than not that evidence of this access will be found within the SUBJECT ACCOUNT.

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

30.    I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A), by using the warrant to require Google, Inc. to disclose to the

government copies of the records and other information (including the content of communications) particularly described in Attachment A and Section I of Attachment B.   Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

## JURISDICTION

31.   This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711(3).   18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A).   Specifically, this Court is a "district court of the United States (including a magistrate judge of such court)" that "has jurisdiction over the offense being investigated."   18 U.S.C. § 2711(3)(A)(i).

## REQUEST/JUSTIFICATION FOR ORDER OF NONDISCLOSURE

32.   The United States respectfully applies for an order of nondisclosure to Google, Inc. under 18 U.S.C. § 2705(b) regarding the following accounts: Daxm200017@gmail.com;       Jsy2013@gmail.com;       troynunya@gmail.com; hammers2269@gmail.com; and lettschase@gmail.com. The United States is seeking this search warrant for subscriber information, including all names, addresses, IP addresses, including historical, telephone numbers, other email addresses, information on length and types of services and any means of payment related to these accounts under the authority given by 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A).  Based on § 2703(c)(3), the United States is not required to provide notice to the subscriber.   Under § 2705(b), the United

21

States may apply to the court for an order commanding Google, Inc. not to notify the subscriber of the existence of the search warrant.  The court may decide what length of time shall apply to the order of nondisclosure if the court determines the notification to the subscriber could result in one of the five factors listed in the statute, which includes destruction of or tampering with evidence. 18 U.S.C. § 2705(b)(3).  The basis for the request is that such disclosure could cause any person with access to the accounts, or any related account or account information, to tamper with or modify the content or account information and thereby destroy or tamper with evidence and otherwise seriously jeopardize the investigation.  Especially due to the ease of access to Google, Inc., persons can modify its content with internet access and sufficient account information.  As such, the United States respectfully requests this Court enter an order commanding Google, Inc. not to notify the user of the existence of this warrant.

## LIMIT ON SCOPE OF SEARCH

33.   I submit that if during the search, agents find evidence of crimes not set forth in this affidavit, another agent or I will seek a separate warrant.

## REQUEST FOR SEALING OF MATTER

34.   I request that the Court order sealing this case until further order of the Court.   The documents filed in the case discuss an ongoing criminal investigation that is neither public nor known to all the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may give targets an opportunity to flee, destroy or

tamper with evidence, change patterns of behavior, notify confederates, or otherwise seriously jeopardize the investigation.

## CONCLUSION

35.    Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that on computer systems owned, maintained, controlled and/or operated by Google, Inc., there exists evidence of a crime, contraband, instrumentalities, and/or fruits of violations of criminal laws as specified herein, including identification of the person who used the electronic accounts described in Attachment A.  The facts outlined above show that the Google, Inc. accounts listed in Attachment A have been used for the exploitation of children using the internet including violations of 18 U.S.C. §§ 2251, 2252, and 2252A (production, receipt and possession of child pornography), which items are more specifically described in Attachment B. There is probable cause to believe that the unidentified user(s) of the Gmail accounts received child pornography and thereby violated the aforementioned statutes in the District of South Dakota and elsewhere.  These accounts are the subject of this warrant affidavit.  The accounts are: Daxm200017@gmail.com; Jsy2013@gmail.com;  troynunya@gmail.com;  hammers2269@gmail.com;  and lettschase@gmail.com.

36.    Law Enforcement agents will serve the warrant on Google, Inc., who will then compile the requested records at a time convenient to it, so there exists reasonable cause to permit the execution of the requested warrant at any time

in the day or night.   Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant.

37.   For these reasons, I request authority to seize all electronic communications and other content stored in the Target Accounts, to be searched off-site in a controlled environment.   Law enforcement officers and agents will review the records sought by the search warrant and will segregate any messages and content constituting evidence, fruits or instrumentalities of violations of federal criminal law.   Additionally, I request authority to serve the warrant on Google, Inc. via the internet and to allow Google, Inc. to copy the data outside of this agent's presence.

### RETURN COMPLIANCE BY GOOGLE, INC.

38.   Google's policies prohibit mailing or emailing child pornography to law enforcement in response to a search warrant, instead requiring a law enforcement officer to personally appear and collect contraband materials, unless the means of production is explicitly described in that search warrant. Specifically, Google requires the Court order the disclosure, notwithstanding 18 U.S.C. § 2252A or similar statute or code.

Dated: 7/23/20

Special Agent Stephen Beery
Federal Bureau of Investigation

Sworn to before me and:

☐ signed in my presence.

☒ submitted, attested to, and acknowledged by reliable electronic means.

    this __23rd__ day of July, 2020.

_____
Daneta Wollmann
United States Magistrate Judge

**ATTACHMENT A**
**Property to Be Searched**

This warrant applies to the contents of and information associated with the following Gmail email accounts, under accounts known to be stored at the premises controlled by Google, Inc., a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, California 94043:

- Daxm200017@gmail.com;

- Jsy2013@gmail.com;

- troynunya@gmail.com;

- hammers2269@gmail.com; and

- lettschase@gmail.com

## ATTACHMENT B

### Particular Things to be Seized and Procedures
### to Facilitate Execution of the Warrant

I.  **Information to be disclosed by Google, Inc. (the "Provider") to facilitate execution of the warrant:**

To the extent that the information described in Attachment A is within the possession, custody, or control of Google Inc., including any emails, records, files, logs, or information that have been deleted but are still available to Google Inc., or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Google Inc. is required to disclose the following information to the government for each account or identifier listed in Attachment A, including any information contained in the email accounts which is helpful to determine the true identity of each account's user or owner.

a.   The contents of all e-mails associated with each account, from the time of each account's creation to the present, including stored or preserved copies of emails sent to and from each account, email attachments, draft emails, deleted emails, the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each e-mail;

b.   The contents of all Instant Messages (IM) associated with each account, from the time of the account's creation to the present, including stored or preserved copies of IMs sent to and from the account, IM attachments, draft

IMs, the source and destination addresses associated with each IM, the date and time at which each IM was sent, and the size and length of each IM;

      c.    All records or other information regarding the identification of each account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP addresses used to register the account, all log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment (including any credit or bank account number);

      d.    The types of services utilized;

      e.    All records or other information stored by an individual using the accounts, including address books, contact and buddy lists, calendar data, pictures, and files;

      f.    All records pertaining to communications between Google Inc. and any person regarding the accounts, including contacts with support services and records of actions taken.

**II.     Information to be seized by the government**

1.     All information described above in Section I that was created or saved after the creation of the account that is the subject of this warrant and that constitutes contraband or fruits, evidence or instrumentalities of violations of 18 U.S.C. §§ 2251, 2252, 2252A, (production, receipt and possession of child pornography) including, for the account or identifiers listed on Attachment A, information pertaining to the following matters:

a.     Any person employing, using, persuading, inducing, enticing, or coercing any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, or attempting or conspiring to do so;

b.     Any person knowingly distributing, receiving, or possessing child pornography as defined at 18 U.S.C. § 2256(8), or attempting or conspiring to do so;

c.     Any person knowingly persuading, inducing, enticing, or coercing any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged, or attempting to do so;

d.     Evidence indicating how and when the email account was accessed or used, to determine the geographic and chronological context of

3

account access, use, or events relating to the crime under investigation and to the email account owner or user;

e.  Evidence indicating the email account users or owner's state of mind as it relates to the crime under investigation;

f.  The identity of the person(s) who created or used the user ID, including records that help reveal the whereabouts of such person(s);

g.  Records relating to who created, used, or communicated with the electronic account or identifier listed in Attachment A about matters relating to the criminal activity listed above, including identification of coconspirators, accomplices, and aiders and abettors in the commission of the above offenses, including records that help reveal their whereabouts.

2.  Credit card information and money wire transmittal information, including bills, payment records, and any receipts, for payments to third party money remitters, including Xoom.com, Western Union, PayPal, and MoneyGram.

3.  Evidence of who used, owned, or controlled the account or identifier listed on Attachment A, including evidence of their whereabouts;

4.  Evidence of the times the user utilized the account or identifiers listed on Attachment A;

5.  Passwords and encryption keys, and other access information that may be necessary to access the accounts or identifier listed on Attachment A and other associated accounts.

4

**III.     Information Regarding Search Warrant Compliance by Google:**

Google shall disclose responsive data, if any, by sending to:

Special Agent Stephen Beery
3600 Jet Drive, Rapid City, SD 57703
605-872-4114
sbeery@fbi.gov

Google shall use the United States Postal Service or another courier service to disclose the responsive data, notwithstanding 18 U.S.C. § 2252A or similar statute or code.   In the alternative, Google may make the responsive data available to Special Agent Beery by use of its law enforcement portal.

5

### CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11) and (13)

I, _____, attest, under penalties of perjury under the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this declaration is true and correct. I am employed by Google Inc., and my official title is _____. I am a custodian of records for Google Inc. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Google Inc., and that I am the custodian of the attached records consisting of _____ (pages/CDs/kilobytes). I further state that:

a.     all records attached to this certificate were made at or near the time of the occurrence of the matter set forth, by, or from information transmitted by, a person with knowledge of those matters;

b.     such records were kept in the ordinary course of a regularly conducted business activity of Google Inc.; and

c.     such records were made by Google Inc. as a regular practice.

I further state that this certification is intended to satisfy Rule 902(11) of the Federal Rules of Evidence.

_____    _____
Date                                        Signature